UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT E. PARKES, | ) | 3:11-cv-00902-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | July 24, 2013 |
| | ) | |
| GREG COX, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden     REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF:   Robert E. Parkes, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):   Nathan Hastings (Telephonically)

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:36 p.m. Court convenes.

**I.    Motion for Order Directing Prison Officials to Allow Inmate Azujhon Sims to Assist Plaintiff in Litigating this Action (Dkt. 16)**

Plaintiff requests that Inmate Azujhon Sims assist him throughout this litigation, which shall include six (6) components: (1) attend all telephonic and/or video conferences with Plaintiff, Defendants' counsel and/or this Court; (2) research and prepare legal pleadings as necessary for this action; (3) assist Plaintiff in reviewing his personal medical files possessed by Nevada Department of Corrections ("NDOC") officials; (4) assist plaintiff in reviewing "I-File" records possessed by NDOC officials; (5) attend all meetings Defendants' counsel schedules with plaintiff; and (6) allow Mr. Sim's to meet and confer with Plaintiff for one half of an hour in the law library at Northern Nevada Correctional Center.

Defendants do not oppose component 2 of Plaintiff's request.  As to components 1, 5 and 6, Defendants express their concerns and represent they do not support the apparent request that Mr. Sim's be allowed to act in place of Mr. Parkes during scheduled telephonic or video conferences.   As to components 3 and 4, the Defendants object on the grounds that Administrative Regulations and other prison directives do not permit the assistance of another inmate to review personal medical files or I-File records of another inmate.

MINUTES OF PROCEEDINGS
3:11-cv-00902-LRH-WGC
Date: July 24, 2013
Page 2

---

      Mr. Parkes acknowledges the concerns Defendants have regarding components 3 and 4. As to the remaining components of Plaintiff's request for inmate assistance, Mr. Parkes represents that Mr. Sims will not act in his place, and will only be present to assist during telephonic and video conferences.

      The Court agrees with Plaintiff's representation that Mr. Sims will only be present to assist Mr. Parkes throughout this litigation process and will not act in place of Plaintiff. Furthermore, so long as it is practical and possible for Mr. Parkes and Mr. Sims to meet in the library, the Court does not oppose and agrees that Plaintiff shall be allowed to meet Mr. Sims in the library.  The Court finds that Plaintiff's requests are also consistent with Administrative Regulation 722.02, paragraph 6.  Therefore, Plaintiff's Motion for Order Directing Officials to Allow Inmate Azujhon Sims to Assist Plaintiff in Litigating this Action (Dkt. #16) is **GRANTED in part and DENIED in part**.  Plaintiff's requests are granted to the extent that components 1, 2, 5, and 6 of Plaintiff's request are approved; Plaintiff's requests are denied to the extent that components 3 and 4 are not approved and Mr. Sims shall not have access to Plaintiff's medical files or I-File.

II.    **Motion to Issue Summons and to Appoint Marshal to Serve Summons on Complaint (Dkt. #20)**

      At this time, Mr. Hastings is not able to provide the Court with information regarding the Defendants' reasoning for not accepting service on behalf of the named defendant, Scott Nagle.

      The Court orders that Plaintiff's Motion to Issue Summons and to Appoint Marshal to Serve Summons and Complaint (Dkt. #20) is **GRANTED**.  However, the Court will delay this order until Mr. Hastings is able to determine whether the Attorney General's Office is able to accept service on behalf of Scott Nagle.  Mr. Hastings is directed to file a supplemental notice of acceptance of service within seven (7) days of this hearing.  Should Mr. Hastings and his office determine that they are not able to accept service on behalf of Mr. Nagle, Mr. Hastings shall file Mr. Nagle's last known address under seal.  Thereafter, the Courtroom Administrator is directed to send Mr. Parkes the documentation necessary to effect service.  The Courtroom Administrator shall prepare a summons for the United States Marshal Office to effect service on Mr. Nagle.  Furthermore, the Courtroom Administer shall followup with the status of Defendants' supplemental notice to the Court within the next seven (7) to ten (10) days and provide the Court with the status.

MINUTES OF PROCEEDINGS
3:11-cv-00902-LRH-WGC
Date: July 24, 2013
Page 3

### III. Motion (Formal Request for Discovery Schedule and Summons for Defendant Scott Nagle) (Dkt. #22)

The Court acknowledges that it should have filed a Scheduling Order after Defendants' Answer (Dkt. #23) was filed on June 10, 2013.  Therefore, Plaintiff's Motion for a Scheduling Order (Dkt. #22) is **GRANTED** and the Court will issue a Scheduling Order forthwith.

**IT IS SO ORDERED.**

2:10 p.m. Court adjourns.

                                            LANCE S. WILSON, CLERK

                                            By: _____/s/_____
                                                  Katie Lynn Ogden, Deputy Clerk