1
2
3
4
5
6                      **UNITED STATES DISTRICT COURT**
7                          **DISTRICT OF NEVADA**
8
9   ROBERT E. PARKES,                    )      3:11-cv-00902-LRH-WGC
                                          )
10              Plaintiff,                )      **ORDER**
                                          )
11        vs.                             )
                                          )
12  GREG COX, et al.                      )
                                          )
13              Defendant(s).             )
    _____)
14

15        Before the Court are two motions for leave to amend filed by the plaintiff. (Docs. # 33 and # 34).

16  In each motion, plaintiff seeks to further amend his Amended Complaint (Doc. # 13) for the limited

17  purpose of what he states would properly identify defendants listed in his action.

18        In Plaintiff's motion (Doc. # 33), he seeks to correct the identity of Defendant #4, formerly

19  identified as "Scott Nagle Food Service Supervisor at N.N.C.C." to "Scott Kahler, Food Manager III at

20  N.N.C.C." Plaintiff states that no other relevant information is changed at this time and all remaining

21  pleadings remain the same. (*Id.*, 33-1 at 3.) The court notes that counsel for defendants was unable to

22  accept service for defendant Scott Nagle as the Human Resources Staff for the Nevada Department of

23  Corrections could not identify anyone in their system by that name. (Doc. #29 at 3.) Presumably, this

24  proposed amendment would correct that problem.

25        In Doc. # 34, Plaintiff requests leave to correct the identity of Defendant #2, formerly identified

26  as "Jack Palmer, Warden at N.N.C.C." to "Jim Benedetti, Warden of N.N.C.C."  Plaintiff states the

27  amendment is necessary due to a "clarification" in Defendant Palmer's answer to Plaintiff's request for

28  admissions which stated that during the time frame complained of Jim Benedetti was the warden, not

1   Jack Palmer. (*Id.*, 34-1 at 4.)

2       While the court would be willing to grant Plaintiff's motion # 33 because it essentially corrects

3   a technical deficiency in his pleading, motion # 34 seeks a more substantive change, i.e., eliminating one

4   defendant entirely (Jack Palmer) and adding a new defendant (Jim Benedetti) who was not previously

5   a party to this action.  The court believes the most appropriate way to proceed would be for Plaintiff to

6   file a Second Amended Complaint which would accomplish both of his goals.

7       If Plaintiff chooses not to file an amended complaint, Plaintiff's motion (Doc. # 33) is

8   **GRANTED.**  The Clerk shall correct the identity of Defendant #4 to Scott Kahler in the caption of

9   Plaintiff's Amended Complaint (Doc. # 13 at 2 of 21) by interlineation.  Count II (Doc. #13 at 9 of 21)

10   shall also be corrected by interlineation to reflect "Mr. Kahler" in place of "Mr. Nagle."  Plaintiff's

11   Motion (Doc. # 34) is **DENIED**, but leave is granted Plaintiff to file a Second Amended Complaint.

12       If plaintiff elects to proceed in this action by filing another amended complaint, he is instructed

13   his Second Amended Complaint should specifically identify each defendant (including Mr. Kahler and

14   Mr. Benedetti) to the best of his ability, clarify what constitutional right he believes each defendant has

15   violated and support each claim with factual allegations about each defendant's actions.  Plaintiff's

16   claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkeiewicz v.*

17   *Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.  A complaint must give fair notice to the

18   defendants and must allege facts that support the elements of the claim plainly and succinctly.  *Jones v.*

19   *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Vague and conclusory allegations of

20   official participation in civil rights violations are not sufficient.  *Ivey v. Board of Regents*, 673 F.2d 266,

21   268 (9th Cir. 1982).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

22   link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S.

23   362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743

24   (9th Cir. 1978).  Plaintiff must allege facts demonstrating how the conduct of the defendant resulted in

25   a deprivation of Plaintiff's federal constitutional or statutory rights.  *Ellen v. Cassidy*, 625 F.2d 277 (9th

26   Cir. 1980).

27       Plaintiff is again informed that the court cannot refer to a prior pleading in order to make

28   plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be

1   complete in itself without reference to any prior pleading. This is because, as a general rule, an amended

2   complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once

3   plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

4   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

5   defendant must be sufficiently alleged.

6         The Local Rules require plaintiffs appearing in *pro se*, such as Plaintiff herein, to file all of their

7   complaints and petitions on the court's approved forms.  LSR 2-1 ("[a] civil rights complaint filed by

8   a person who is not represented by counsel shall be on the form provided by this court.").  In that regard,

9   in allowing Plaintiff to file a second amended complaint, the court will provide Plaintiff a form

10  complaint.[1]

11        **IT IS THEREFORE ORDERED** that plaintiff shall have an extension of **thirty (30) days** from

12  the date of this order to file his amended complaint in conformance with this order.

13        **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank form for filing a civil

14  rights complaint as well as the Information and Instructions for Filing a Civil Rights Complaint Pursuant

15  to 42 U.S.C. § 1983 in the United States District Court for the District of Nevada.

16  **IT IS SO ORDERED.**

17  DATED:   September 20, 2013.

18

19                                                           _____
                                                             WILLIAM G. COBB
20                                                           UNITED STATES MAGISTRATE JUDGE

21

22

23

24         [1] *See also* Information and Instructions for Filing a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983
    in the United States District Court for the District of Nevada:
25
           "The form provides three (3) pages for alleging three (3) counts.  If you are alleging more than
26      three counts, use the additional space on the last page, and if that is not enough, then attach an
        additional page for each additional count (so that there is only one count per page). . . .
27      Remember, you are limited to a total of two (2) additional pages for Part B and C; if you have
        more than two (2) additional pages, you will also need to file a motion seeking permission from
28      the court to file the complaint."

                                                         3