UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT E. PARKES, | ) | 3:11-cv-00902-LRH-WGC |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) | December 9, 2013 |
| GREG COX, *et al.,* | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>   REPORTER:  <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF:  <u> Robert E. Parkes, In Pro Per (Telephonically) </u>

COUNSEL FOR DEFENDANT(S):  <u> Nathan Hastings (Telephonically) </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:37 a.m. Court convenes.

The court is advised that inmate Azujhon Sims will be assisting plaintiff Robert E. Parkes during today's hearing. Mr. Sims is allowed to participate during today's hearing within the parameters outlined in court order Doc. # 30.

I. **Plaintiff's Motion to Dismiss Defendants Untimely Filing of Joinder to Answer to Civil Rights Complaint (Doc. # 43) and Plaintiff's Motion for Default Judgment (Doc. # 44).**

The court interprets Plaintiff's Motion for Default Judgment (Doc. # 44) as a Motion for Entry of Clerk's Default.

The court advises Plaintiff case authority clearly states that, pursuant to Federal Rules of Civil Procedure, an entry of default is only proper if there is evidence a party is failing to represent their interest in a matter.  From the court's review of this matter, there is evidence the Defendants intend to defend this action, which would not warrant the court to enter a default.

Based on the preference of the court to hear matters on the merits and the apparent intention of Defendants to litigate this matter, Plaintiff's Motion for Default Judgment (Doc. # 44) is **DENIED**.

MINUTES OF PROCEEDINGS
3:11-cv-00902-LRH-WGC
Date: December 9, 2013
Page 2

Although the court acknowledges Plaintiff's argument that Defendants may have technically filed their Joinder to Answer to Civil Right's Complaint (Doc. # 42) untimely by one day, in light of the what appears to be excusable neglect on behalf of Defendants and the court's ruling above regarding entry of default, Plaintiff's Motion to Dismiss Defendants Untimely Filing of Joinder to Answer to Civil Rights Complaint (Doc. # 43) is also **DENIED**.

II.     **Plaintiff's Motion for Extension of Time Past Court Ordered Scheduling Order (Doc. # 38).**

Defendant's Benedetti and Kahler have filed a Joinder to Answer to Plaintiff's Civil Right's Complaint (Doc. # 42).  Therefore, the court finds it appropriate to allow Plaintiff reasonable time to conduct discovery as to defendant's Benedetti and Kahler.  Plaintiff's Motion for Extension of Time Past Court Ordered Scheduling Order (Doc. # 38) is **GRANTED**.

The Scheduling Order (Doc. # 28) is extended as to defendant's Benedetti and Kahler as follows:

- Discovery Cut-Off deadline: Friday, February 7, 2014;

- Discovery Motions deadline: Friday, February 7, 2014;

- Dispositive Motions deadline: Friday, March 7, 2014.

Plaintiff is encouraged to serve his discovery requests well in advance of the discovery cut-off deadline in order for the Defendants to have sufficient time to respond to the discovery requests and for the parties to be able to comply with the discovery motion deadline.

III.    **Plaintiff's Motion to Compel Discovery with Request for in Camera Review (Doc. # 40).**

The court briefly reviews the chronology of events pertaining to the discovery requests submitted by Plaintiff.  Counsel for Defendants acknowledges that, technically, responses to Plaintiff's discovery requests were produced later than thirty (30) days after receiving the requests.  However, Mr. Hastings argues there were a series of communication between Plaintiff and himself regarding the time in which Defendants needed to respond to certain discovery requests.  Mr. Hastings states, in light of these communications Defendants believe they have appropriately responded.

The court understands Plaintiff's contention that Defendants failed to respond timely to his discovery requests and his request that any objection ought to be waived.  However, in this

MINUTES OF PROCEEDINGS
3:11-cv-00902-LRH-WGC
Date: December 9, 2013
Page 3

instance, there appears to be sufficient communication between Plaintiff and Mr. Hastings to allow the court to move forward with addressing Plaintiff's Motion to Compel (Doc. # 40).

The court turns to the discovery disputes raised in Plaintiff's motion to compel and orders the following:

### A. Plaintiff's Interrogatories and Request for Production of Documents (Doc. # 40 -1, Exhibit 7).

   **1.) Request No. 3**

   Order: **DENIED as moot**. Discovery dispute has been resolved; Defendants provided documents Bates stamp identification range Nevada Department of Corrections ("NDOC") 0009-0012 and NDOC 0013-0015.

   **2.) Request No. 4**

   Order: **DENIED**. Plaintiff understands that he must follow proper NDOC procedures and kite the medical department to review his medical records. The court reminds Plaintiff that Mr. Sims is not permitted to review with Plaintiff his medical record or I-File as outlined in court order Doc. # 30.

   **3.) Request No. 15**

   Order: **DENIED**. The request is overly broad; Defendants objection is sustained.

Before proceeding any further, the court expresses its concern that, because Plaintiff's Motion to Compel (Doc. # 40) does not include Defendant Cox responses (Doc. # 47-2, Exhibit B), many of the discovery disputes raised may need additional time to be discussed between the parties before the court is able to adequately dispose of any identified discovery disputes. Therefore, the court advises the parties that, for the remaining discovery disputes, it will only provide the parties its guidance as to resolving the outstanding discovery disputes (Request No. 5, 6, 7, 8, 9, 10, 13, 14, 16, 19, 20 and 23) and will make no further rulings at this time.

While reviewing the discovery requests, the court notes it is not making a finding as to Request No. 8, 9 and 10, but does limit the scope of the request to only the subject of

MINUTES OF PROCEEDINGS
3:11-cv-00902-LRH-WGC
Date: December 9, 2013
Page 4

"slip and falls."  Furthermore, it appears appropriate for Defendants to produce the information Plaintiff is seeking in these requests but, if necessary, redacted.  If Plaintiff has further objections once he receive this information, the Plaintiff shall then request the court to entertain an *in camera* review of the documents to ascertain whether the information Plaintiff is seeking are appropriate discovery documents.  The court adds that Request No. 15 is **DENIED**.  The court did find that Plaintiff's request as being overly broad; therefore, Defendants objection is sustained.

After discussing the courts observations regarding the discovery disputes, the parties are directed to hold a meet and confer conference to discuss and attempt to resolve the current outstanding discovery disputes.  Thereafter, if Plaintiff contends there remains outstanding discovery disputes, he should then file a new motion to compel for the court to address.

Therefore, Plaintiff's Motion to Compel is **GRANTED in part** and **DENIED in part**, to the extent the court has discussed and provided its guidance as to the current discovery disputes.

### IV.     Settlement Conference Scheduled

It appears this case has not been subject to the mediation process.  The parties agree a settlement conference may be beneficial to the outcome of this action.  The court schedules a inmate settlement conference for February 4, 2014, at 1:30 p.m.  Order scheduling the settlement conference will be entered forthwith.

The court will allow for Mr. Sims to assist in the settlement conference; however, Mr. Sims will be restricted to the parameters as outlined in Doc. #30 with regard to his participation and assistance during the settlement.

Plaintiff is advised to continue with discovery as discussed during today's hearing with regard to new discovery and the discovery disputes raised in the instant motion to compel.

**IT IS SO ORDERED.**

12:20 p.m. Court adjourns.

                                                            LANCE S. WILSON, CLERK


                                                            By:           /s/
                                                            Katie Lynn Ogden, Deputy Clerk