UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT E. PARKES,<br><br>        Plaintiff,<br><br>   vs.<br><br>GREG COX, et al.,<br><br>        Defendants. | 3:11-cv-00902-LRH-WGC<br><br>**ORDER**<br><br>re: Plaintiff's Second Motion to Compel<br>With Request for In Camera Review<br><br>Doc. # 58 |

Before the court is "Plaintiff's Second Motion to Compel with Request for In Camera Review." (Doc. #58.)[1] Defendants have responded (Doc. # 61) and Plaintiff has replied (Doc. # 62).

## I. BACKGROUND

Plaintiff is incarcerated at the Northern Nevada Correctional Center (NNCC). Plaintiff brings action against the following individuals: NDOC Director Greg Cox, NNCC Warden Jack Palmer, Food Service Manager Jim Burton, and Food Service Supervisor Scott Nagle. Plaintiff alleges that Defendants violated his constitutional rights based on events alleged to have occurred at NNCC during the course of his work duties in the prison's kitchen. Plaintiff argues that on April 11, 2010, he slipped and fell on a wet kitchen floor, causing injuries and treatment at a hospital. Plaintiff seeks monetary relief from Defendants. He asserts three counts in the present civil right action: Count I, a claim arising from alleged retaliatory conduct after he filed a tort claim with the Nevada Attorney General; Count II, a claim of cruel and unusual punishment by reason of his culinary injury; and Count III, a denial of equal protection related to alleged differences in work place training and safety between inmate and non inmate culinary workers. (Doc. # 13, Amended Complaint; Doc. #15, Screening Order.)

---

[1] Refers to court's docket number.

Plaintiff's second motion to compel makes four arguments ("Plaintiff's Arguments 1-4") about an apparent continuing discovery dispute. (Doc. # 58.) The Defendants responded to the motion by addressing the same categories of arguments raised by Plaintiff (Doc. # 61.) The court will utilize the same format.

## II. THE SECOND MOTION TO COMPEL

### a) Plaintiff's "Argument 1"

Plaintiff requested NNCC culinary staff logs for the two years preceding Plaintiff's accident. (Request no. 6, Doc. # 58 at 2-5.) Plaintiff states he was provided housing logs, not culinary staff logs (*id.* at 2-3). Defendants admit they provided irrelevant logs initially. However, Defendants assert that "NDOC NOTIS electronic logs include a separate log for the culinary for the time period at issue. Therefore, Defendants have now produced the log pages for the culinary facility, identified as Parkes 902: NDOC 0232-0234. (Exhibit A.)" (Doc. # 61 at 2.)

The Plaintiff's reply memorandum acknowledges receipt of these electronic NOTIS logs but states the logs do not cover the relevant time period he was seeking (two years prior to his accident); instead, they only pertain to the time period of April 5, 2010, until April 18, 2010. Defendants state the records they have produced relative to this request "constitute the log report for the culinary, for the time period referenced in your discovery request at issue." (Doc. # 61-1 at 2.)

Defendants' memorandum does not explain their utilization of the April 5, 2010 - April 18, 2010 time period. There is some suggestion Defendants searched for certain records and cannot locate them. (Doc. # 61 at 2; Doc. # 58-1 at 2; Pl's Exh. 2A.) However, Defendants were able to produce NOTIS records for an approximate two week time period before Plaintiff's accident, but again with no explanation for the time period Plaintiff identified.

Defendants' production did not cover the requested time period. Defendants are directed to produce culinary records, in whatever format is still available, for the specified two year time period preceding Plaintiff's accident.

Defendants also contest whether Plaintiff satisfied the "meet and confer" requirements of Local Rule 26-7. No declaration of counsel on the L.R. 26-7 contention accompanies Defendants' opposition. While perhaps there could have been greater attempts by Plaintiff at informal resolution, in view of the

1  history of the discovery dispute and the deadlines facing Plaintiff, Plaintiff's attempts to resolve the
2  discovery dispute and Defendants' admissions erroneous information was initially provided Plaintiff, the
3  court is not inclined to disqualify this aspect of Plaintiff's motion on these grounds. See also Plaintiff's
4  description of his meet and confer efforts. (Doc. # 62 at 2-3.)

5  **b) Plaintiff's "Argument 2"**

6  In Request No. 8, Plaintiff seeks names of other NNCC inmates injured in the culinary and also
7  any reports generated for those injuries. (Doc. # 58 at 3-4.) Defendants claim they addressed this request
8  by producing "Doc. 0221 to the NNCC Warden's Office for Plaintiff to be able to kite for review." (Doc.
9  # 61 at 3; Doc. # 61-2 at 2.) Plaintiff's reply agues the Warden never informed him (the Plaintiff) that
10 this document had been received by the Warden. However, Doc. # 58-1 at 2 is a letter from Defendants'
11 counsel to Plaintiff advising Plaintiff that this exhibit was available for review in the Warden's office.
12 Plaintiff argues that this court's Minutes of an underlying discover dispute (Doc. # 53) states Defendants
13 were directed to respond to this discovery, as limited to prior "slip and fall" accidents. Any production
14 could be "if necessary, redacted." (*Id* at 4.) In other words, Defendants were supposed to produce this
15 documentation to Plaintiff (in redacted form) – not that he had to kite to review this form in the Warden's
16 office.

17 Counsel's letter to Warden Baca advises that the responsive document "has been redacted." (Doc.
18 # 61-2 at 2.) If the document has been redacted, then it should be produced to Plaintiff. Counsel's letter
19 states this document (Parkes 902: NDOC 0221) is one which "Plaintiff is not permitted to possess in his
20 cell." (*Id*.) However, no citation of any authority is provided in the letter or in Defendants' memorandum
21 as to why Plaintiff cannot possess this document, particularly in this redacted format. (*Id.* at 3.) There
22 was no discussion at the December 9, 2013 hearing of this document, once redacted, as being available
23 only at the Warden's office. (Doc. # 53 at 3, 4.)

24 Defendants also again contend that there was no "meet and confer" on this discovery issue.
25 Defendants argue that during an earlier meeting between counsel and Plaintiff, Plaintiff was told the
26 document was sent to the Warden's office where Plaintiff could kite to review it. (Doc. # 61 at 3.)
27 Plaintiff, on the other hand, states their discussions did not include Plaintiff's objection to Defendants'
28 intent to use what Plaintiff describes as being confidential production protocols – which Plaintiff states

3

was not consistent with this court's order of December 9, 2013. (Doc. # 62 at 3, 4.)

The court finds there has been satisfactory compliance with Local Rule 26-7 on this aspect of the discovery dispute.

c)  **Plaintiff's "Argument 3"**

In Request No. 9, Plaintiff seeks log books of "NNCC/NDOC staff injured while working in the NNCC culinary for a period of 2 years prior leading up to April 11, 2010." Plaintiff also sought production of accident reports for those staff. (Doc. # 58-1 at 9, 21; Pl's/ Exh. 3F, 4D.) Defendants' response is that the Defendants "cannot locate any responsive log books in their possession and control." (Doc. # 61 at 4, citing Doc. # 58-1 at 21; Pl's. Exh. 4D.) Plaintiff's reply asserts there are two formats for these logs, one being the NOTIS system and the other the actual "Green Log Books." Plaintiff now states that because the Defendants claim they cannot find the log books, if they would produce the electronic culinary logs for the requested time period (4/11/2008 through 4/11/2010), he would be willing to accept those electronic logs in lieu of the missing green log books. (Doc. # 62 at 4-5.)

As discussed above, it appears that Defendants were able to produce redacted NOTIS reports for inmate culinary injuries (Doc. # 61-1.) The court assumes Defendants can similarly run NOTIS reports for NDOC "slip and fall" types of injuries (as the court earlier limited Plaintiff's discovery; Doc. # 53 at 3-4). Unless Defendants advise the court of an inability to run a similar NOTIS report, such shall be provided Plaintiff for the relevant time period. Redacted reports of such accidents, if available, shall also be provided Plaintiff.

With regard to the L.R. 16-1 issue, while it probably would have been helpful if Plaintiff had expressed to Defendants' counsel a willingness to accept NOTIS reports in lieu of the "green log books," the court is not going to invalidate this aspect of the motion on these grounds. The court notes that Defendant Cox's response to this request was to object on confidentiality grounds. (Doc. # 58-1 at 9; Pl's. Exh. 3F.) Defendant Benedetti's response did not include the confidentiality objection but stated "Defendants have been unable to locate any responsive documents." (Doc. # 58-1 at 21; Pl's. Exh. 4D.) Defendants response to this request made no mention of the potential availability of NOTIS reports. It was not until Defendants filed their opposition to Plaintiff's second motion to compel that the substitute availability of NOTIS reports was disclosed.

4

**d) Plaintiff's "Argument 4"**

This dispute somewhat parallels Argument 3. In Request no. 10 (which the court also similarly limited to "slip and fall types of accidents; Doc. # 53 at 3-4), Plaintiff seeks "C-1" industrial insurance claim forms. (Doc. # 58-1 at 7, 21; Pl's Exh. 3F, 4D.) Defendant Cox's response to this discovery was that such materials constituted NDOC employment documents per AR 308 – Department Staff and Applicant Records, and are confidential pursuant to Nevada Administrative Code 248.718. (Doc. # 58-1 at 9, 10; Pl's Exh. 3F, 3G.)

Defendants' opposition states only one of the defendants (Cox, but not Benedetti) asserted confidentiality as a defense. Both Plaintiff and Defendants recognize this court did not favorably receive Defendant Cox's confidentiality objection in light of the redaction approach. (Docs. # 58 at 4; # 61 at 4; # 53 at 3-4.)

Defendants' substantive argument as to Mr. Benedetti's later response to this discovery is that he cannot locate any responsive documents. Again, the discovery response actually references "defendants" – plural – so the court assumes the response pertains to efforts by both Defendants Cox and Benedetti. Defendants state they have been unable to uncover any responsive documents. (Doc. # 58-1 at 21; Pl's Exh. 4D.)

Defendants state that Plaintiff failed to conduct any L.R. 26-7 discussions which, if such had occurred, could have assisted Defendants in attempting to locate any such documents. Plaintiff asserted in his motion that a "reliable source" told Plaintiff a former NDOC culinary employee suffered an injury while working in culinary and filed a C-1 insurance claim. (Doc. # 58 at 4-5.) In reply, Plaintiff provides the names of four individuals who supposedly suffered injuries while working in culinary. (Doc. # 62 at 5.)

With regard to Defendants' argument Plaintiff did not complete his "meet and confer" obligations (Doc. # 61 at 4-5), Plaintiff refers the court to Doc. # 58 and his description of a meeting with counsel. (Doc. # 58-1 at 2-3; Pl's Exh. 2A- 2B.) But there is nothing in counsel's letter about the January 16, 2014, discovery meeting where the parties had any discussion regarding production of C-1 forms. Plaintiff argues in his reply there was a tacit if not explicit agreement no further meet and confer discussions were necessary. (Doc. # 62 at 2.)

5

While this court's order authorized the filing of a new motion to compel (Doc. # 53 at 4), this court did not totally obviate the requirement for the parties to meet and confer. Indeed, this court's order instructed the parties to do just that. (*Id.*)

Benedetti's responses were served on January 31, 2014 (Doc # 58-1 at 18-49), which is some two weeks after the parties' January 16, 2014, meet and confer conference. (Doc # 58 at 1.) After receiving Benedetti's responses which stated "Defendants" could not locate any responsive documents (Doc. # 58-1 at 21; Pl's Exh. 4D), the appropriate procedure should have been for Plaintiff to contact Defendants' counsel to advise counsel Plaintiff has conflicting information. Had Plaintiff done so (i.e., provided the names of the individuals who allegedly had slip and fall accidents that he identifies in Doc. # 62 at 5), then Defendants could have undertaken an inquiry as to whether any C-1 forms can be located for the identified employees.

The court is not going to grant this aspect of Plaintiff's motion because of Plaintiff's failure to comply with L.R. 26-7. However, Federal Rule of Civil Procedure 26(e)(1)(A) provides that a party must supplement its response to an interrogatory if the party learns that the response is incomplete or incorrect. In light of the information Plaintiff provided in his reply memorandum (Doc. # 62 at 5), the Defendants are under a duty to investigate the accuracy of the Benedetti discovery responses. If Defendant (Defendants) find the answer was incomplete or incorrect, Defendants should supplement their discovery response.

### III.  DEADLINES FOR COMPLIANCE; FUTURE DISCOVERY DISPUTES

Defendants shall make the required productions as ordered herein within **fifteen (15) days** of the date of this order.

Because of the age of this case, if there is any continuing dispute among the parties as to any outstanding document productions, the court will adopt a different approach to bring finality to discovery. First, within twenty (20) days of the date of this order, the parties must meet and confer to discuss any remaining discovery dispute. Second, if the parties cannot informally resolve their discovery dispute, counsel for Defendants shall promptly contact the courtroom administrator to schedule a telephonic discovery conference. Third, not later five (5) days before the conference, counsel for

6

Defendants shall file a status report identifying the discovery dispute and the parties' respective positions pertaining thereto.[2]

**IT IS SO ORDERED.**

DATED: April 9, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] The court has also received Defendants' motion for extension of the dispositive motion deadline. That deadline will be addressed in a separate minute order, but the new dispositive deadline will be set for June 6, 2014.