UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

ROBERT E. PARKES,  )
                   )
     Plaintiff,    )      3:11-cv-00902-LRH-WGC
                   )
v.                 )
                   )      O R D E R
GREG COX, *et al.*,)
                   )
     Defendants.   )
_____)

Before this Court is the Report and Recommendation of U.S. Magistrate Judge William G. Cobb (Doc. #79[1]) entered on January 27, 2015, recommending granting Defendants' Motion for Summary Judgment (Doc. #66) filed on June 6, 2014, and denying Plaintiff's Cross Motion for Summary Judgment (Doc. #69) filed on June 30, 2014. Plaintiff filed his Objection to Report and Recommendation of U.S. Magistrate Judge (Doc. #80) on February 9, 2015, and Defendants filed their Response to Plaintiff's Objection to Report and Recommendation of U.S. Magistrate Judge (Doc. #81) on February 23, 2015. This action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 1B 1-4 of the Rules of Practice of the United States District Court for the District of Nevada.

The Court has conducted its *de novo* review in this case, has fully considered the objections of the Plaintiff, the response of Defendants, the pleadings and memoranda of the parties, and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 3-2. The Court

---

[1] Refers to Court's docket number.

determines that the Magistrate Judge's Report and Recommendation (#79) entered on January 27, 2015, should be adopted and accepted.

The Court finds it necessary to respond in some detail to Plaintiff's first objection, regarding the Magistrate Judge's inadvertent reference to the date of Plaintiff's termination as May 17, 2010, rather than the correct date May 17, 2011. Plaintiff argues that this is important because the Magistrate Judge referred to timing as one reason to find for Defendants on his retaliation claim. *See* Doc. #79 at 8 ("Moreover, the evidence demonstrates that Plaintiff continued with the exhaustion process in his grievance related to the slip and fall well after the alleged retaliatory conduct that forms the basis for this claim occurred."). Plaintiff filed an informal grievance related to his slip and fall on June 3, 2010, his first formal grievance on August 5, 2010, and second formal grievance on September 15, 2010. He was subsequently fired on May 17, 2011. Plaintiff concedes that he did not exhaust his retaliation claim, but argues that he has a valid excuse: fear of further retaliation. Doc. #69 at 5. Ultimately, the Magistrate Judge held that the "Ninth Circuit has not held that administrative remedies are unavailable" such that exhaustion is excused based on fear of retaliation. Doc. #79 at 8. The Magistrate Judge added that this logic "would extend an exception to the exhaustion anytime an inmate alleges a retaliation claim." *Id.*

The Ninth Circuit has not expressly acknowledged an exception to the exhaustion requirement when a plaintiff fears retaliation for initiating a grievance. The leading Ninth Circuit cases to address excuses to the exhaustion requirement primarily identify situations in which official misconduct or omissions made filing a grievance effectively unavailable. *See Albino v. Baca*, 697 F.3d 1023, 1034 (9th Cir. 2012) (finding no excuse absent "evidence that any jail official engaged in any misconduct that prohibited [plaintiff] from learning of or following the grievance procedure"); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (finding excuse because plaintiff failed to exhaust "not through his own fault but by the Warden's mistake").

This district has recognized that the Ninth Circuit "has cited with approval holdings in other circuits in which actual or threatened retaliation could render the inmate's ability to access the

grievance process effectively unavailable." *Farkas v. Gedney*, No. 2:14-cv-0415, 2014 WL 5782788, at *2 (D. Nev. Nov. 6, 2014); *see also Maestas v. Legrand*, No. 3:10-cv-0585, 2012 WL 600838, at *1 (D. Nev. Feb. 23, 2012). Indeed, the Ninth Circuit has cited *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008), and *Macias v. Zenk*, 495 F.3d 37, 45 (2d Cir. 2007), as examples of cases by its "sister circuits" that adopted an excuse for exhaustion based on fear of retaliation. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010); *Nunez*, 591 F.3d at 1224. However, the government is correct that the Ninth Circuit has not yet adopted such a rule, despite its references to other circuits. The Court agrees with the Magistrate Judge's determination that such a rule should not be applied unless it is expressly adopted by the Ninth Circuit. In light of this finding, the mistake as to the year in which Plaintiff was fired was harmless because Plaintiff nonetheless failed to identify a valid excuse for his failure to exhaust.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#79) entered on January 27, 2015, is adopted and accepted, and Defendant's Motion for Summary Judgment (#66) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Cross Motion for Summary Judgment (#69) DENIED.

IT IS FURTHER ORDERED that Plaintiff's retaliation claim is DISMISSED without prejudice.

IT IS FURTHER ORDERED that JUDGMENT be ENTERED in favor of Defendants and against Plaintiff with respect to the Fourteenth Amendment equal protection claim and Eighth Amendment deliberate indifference claim.

IT IS SO ORDERED.

DATED this 25th day of February, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE